IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| GERALD JAY HENCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-01856-MJH |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK BISIGNANO, COMMISSIONER | ) | |
| OF SOCIAL SECURITY; | ) | |
| | | |
| Defendant, | | |

ORDER

Following consideration of Plaintiff's Motion for Substitution of Party (ECF No. 11) and the Commissioner's response (ECF No. 13), the Court hereby orders as follows:

Federal Rule of Civil Procedure 25(a)(1) provides: "[I]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion or substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by and against the decedent must be dismissed." (*Id.*). The language of Federal Rule of Civil Procedure 25(a)(1) is permissive, "the decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if the party so moves." *Froning's, Inc. v. Johnston Feed Serv., Inc.,* 568 F.2d 108, 110 n. 4 (8th Cir.1978).

In *Sinito v. U.S. Department of Justice,* 176 F.3d 512, 516 (D.C.Cir.1999), the Court noted that the Federal Rule of Civil Procedure 25 allows for the substitution of a "successor" for a deceased party, a term which means that a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate. *Id.* Rather, the purpose

of Federal Rule of Civil Procedure 25 is to allow more flexibility in substitution. *Rende v. Kay,* 415 F.2d 983, 984 (D.C.Cir.1969). As to who may be substituted as a proper party it has been held that in this setting:

> [Under] certain circumstances a person may be a "successor" under Rule25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

*In re Baycol Products Litigation,* 616 F.3d 778, 784–5 (8th Cir.2010) (citations omitted). In order to facilitate the substitution process, wherever possible, a suggestion of death should "identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked from those who represent or inherit from the estate." *Rende,* 415 F.2d at 986.

Here, Plaintiff's counsel has filed a Certificate of Death (ECF No. 11-1) and requested that Jeremy Henchell be substituted for his father, Gerald Henchell. While Jeremy Henchell may ultimately be the proper party, the Court is not satisfied that the requirements outline above have been met. Plaintiff's counsel has not provided the documentation under Pennsylvania probate law or the Federal Rules of Civil Procedure to effectuate the requested substitution.

Accordingly, the Court will deny Plaintiff's Motion to Substitute Party without prejudice. Any future motion will need to include either a copy of Gerald Henchell's will or affidavit of intestate heirs, and proof of notice or consent from all heirs, testamentary or intestate as appropriate.

DATED this 11th day of August, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge